```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
UNITED STATES OF AMERICA,

            - against -                      MEMORANDUM AND ORDER

DANIEL MONSANTO-LOPEZ,                       16 Cr. 643-1 (NRB)

              Defendant.
---------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Daniel Monsanto-Lopez moves pro se under 18 U.S.C. § 3582(c)(1)(A) to have the Court reduce his 135-month sentence for conspiring to distribute and possess with intent to distribute cocaine to time-served or, in the alternative, order his immediate release from FCI Fort Dix to serve the rest of his prison term in home confinement. (ECF No. 232.) The Government opposes.

This is the second time Mr. Monsanto-Lopez has petitioned the Court for this type of relief based on the nature of his confinement during the COVID-19 pandemic and his underlying health conditions; the Court denied his first motion for compassionate release in May 2020. United States v. Monsanto Lopez, No. 16 Cr. 643-1 (NRB), 2020 WL 2555305 (S.D.N.Y. May 20, 2020).

As explained in the Court's May opinion, Section 3582(c)(1)(A) permits the Court to modify a sentence if, after

considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3553(c)(1)(A).

In support of his instant motion, Mr. Monsanto-Lopez reiterates the generalized health risks posed by COVID-19 in federal prisons, including FCI Fort Dix where he is housed, as well as the specific COVID-19 health risks he faces because of his obesity, nonfunctioning gallbladder, and history of smoking.

However, in his prior application for compassionate release, Mr. Monsanto-Lopez already alerted the Court to, and the Court already considered, the issues that the 45-year-old Mr. Monsanto-Lopez had with his gallbladder, hypertension, and lungs (ECF No. 213 at 4) as well as his obesity, which was reflected in biostatistics contained in the pre-sentence investigation report.  The Court was also well aware of the risks posed by COVID-19 to federal inmates.

The Court nevertheless held that these were not extraordinary or compelling reasons warranting Mr. Monsanto-Lopez's immediate release, especially in light of the Court's consideration of the Section 3553(a) sentencing factors. These factors include "the nature and circumstances of the

offense and the history and characteristics of the defendant," as well as "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," to "afford adequate deterrence to criminal conduct," and to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). As the Court explained, those factors "strongly counsel against releasing Mr. Monsanto-Lopez," as he "was the organizer and leader of a sophisticated, years-long narcotics smuggling and distribution conspiracy that trafficked at least 20 kilograms of cocaine from Puerto Rico to the Bronx." Monsanto Lopez, 2020 WL 2555305, at *1.

We stand by that conclusion today, as we did in May. As our analysis of the Section 3553(a) factors has not changed and as Mr. Monsanto-Lopez has not presented any significantly new extraordinary or compelling reasons warranting his immediate release, his motion is denied for the reasons stated in the Court's May Memorandum and Order.[1] Because

---

[1] While Mr. Monsanto-Lopez brings to the Court's attention a number of cases where inmates, including those housed at FCI Fort Dix, have had their motions for compassionate release granted, "[t]he determination as to what constitutes extraordinary and compelling reasons warranting a reduction [under Section 3582] is committed to the sound discretion of the district court," and turns on the Court's "individualized determination" of the "particular circumstances" of each case. United States v. Johnson, No. 17 Cr. 212 (NRB), 2020 WL 6891457,

Mr. Monsanto-Lopez has not made a substantial showing of a denial of a federal right, we will not issue a certificate of appealability.  Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444 (1962).

The Clerk of Court is respectfully directed to terminate the motion currently pending at ECF No. 232.

**SO ORDERED.**

Dated:   New York, New York
         April 20, 2021

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

at *3 (S.D.N.Y. Nov. 24, 2020) (quoting United States v. Roney, 833 F. App'x 850, 854 (2d Cir. 2020) (summary order)).

-5-

Copy to:

Daniel Monsanto-Lopez
Register No. 77708-054
FCI Fort Dix Camp
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 2000
Joint Base MDL, NJ 08640